FILED

'12 APR -5 AM 10: 16

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMASA RAMIREZ,<br><br>                                    Petitioner,<br><br>              v.<br><br>UNKNOWN,<br><br>                                    Respondent. | Civil No.    12-0716 BEN (RBB)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**<br><br>**[Docket No. 2]** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### APPLICATION TO PROCEED IN FORMA PAUPERIS

The request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate.

## FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of her as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action she is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has not named a Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

//

//

//

## FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254; see also Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c).

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. Zichko v. Idaho, 247 F.3d 1015, 1020-21 (9th Cir. 2001).    This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition.  In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." Cf. Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted).  Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted.  Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990).  Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses.  Harris v. Allen, 739 F. Supp. 564, 565 (W.D. Okla. 1989).  Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

Due to Petitioner's unsatisfactory showing, the Court dismisses the action without prejudice. Should Petitioner decide to file a new petition, she is advised to clearly and succinctly state all grounds for relief using the First Amended Petition form sent to Petitioner with this order.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair

1  opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28

2  U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court

3  remedies a petitioner must allege, in state court, how one or more of his or her federal rights

4  have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995), reasoned:

5  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal

6  rights, they must surely be alerted to the fact that the prisoners are asserting claims under the

7  United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas

8  petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the

9  due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only

10 in federal court, but in state court." Id. at 366 (emphasis added).

11      Nowhere on the Petition does Petitioner allege that she raised her claims in the California

12 Supreme Court. If Petitioner has raised her claims in the California Supreme Court she must so

13 specify. "The burden of proving that a claim has been exhausted lies with the petitioner."

14 Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Breard v. Pruett, 134 F.3d 615, 619

15 (4th Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Oyler v. Allenbrand,

16 23 F.3d 292, 300 (10th Cir. 1994); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

17      Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

18 Penalty Act of 1996 ("AEDPA"), a one-year period of limitation shall apply to a petition for a

19 writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

20 limitation period shall run from the latest of:

21          (A) the date on which the judgment became final by the
            conclusion of direct review or the expiration of the time for seeking
22          such review;

23          (B) the date on which the impediment to filing an application
            created by State action in violation of the Constitution or laws of the
24          United States is removed, if the applicant was prevented from filing
            by such State action;
25
            (C) the date on which the constitutional right asserted was
26          initially recognized by the Supreme Court, if the right has been
            newly recognized by the Supreme Court and made retroactively
27          applicable to cases on collateral review; or

28

-4-

1          (D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the exercise
2          of due diligence.

3   28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

4          The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

5   is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

6   <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

7   when its delivery and acceptance [by the appropriate court officer for placement into the record]

8   are in compliance with the applicable laws and rules governing filings").  However, absent some

9   other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is

10  pending.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

11         Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

12  habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

13  it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll.

14  § 2254.  Here, it plainly appears from the Petition that Petitioner is not presently entitled to

15  federal habeas relief because she has not alleged exhaustion of state court remedies.

16                                            **VENUE**

17         A petition for writ of habeas corpus may be filed in the United States District Court of

18  either the judicial district in which the petitioner is presently confined or the judicial district in

19  which she was convicted and sentenced.  <u>See</u> 28 U.S.C. § 2241(d); <u>Braden v. 30th Judicial</u>

20  <u>Circuit Ct.</u>, 410 U.S. 484, 497 (1973).  Petitioner is presently confined at Central California

21  Women's Facility, located in Madera County, which is within the jurisdictional boundaries of

22  the United States District Court for the Eastern District of California.  <u>See</u> 28 U.S.C. § 84(b).

23  Petitioner does not specify where her state court conviction occurred.  Thus, it is currently

24  unclear whether this Court has jurisdiction in this matter.  Petitioner must tell the Court where

25  she suffered the conviction which she seeks to challenge in this matter.

26  //

27  //

28  //

1
## CONCLUSION AND ORDER

2      Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and

3 **DISMISSES** the case without prejudice for Petitioner's failure to name a proper respondent,

4 state grounds for relief in the petition, allege exhaustion of state judicial remedies, and

5 demonstrate that venue is proper in this Court.  To have the case reopened, Petitioner must, **no

6 later than June 12, 2012**, provide the Court with: (1)  a copy of this Order together with the

7 $5.00 filing fee; or (2)  a copy of this Order together with adequate proof that Petitioner cannot

8 pay the $5.00 filing fee; AND a First Amended Petition which cures the pleading deficiencies

9 noted above.  *The Clerk of Court is directed to send Petitioner a blank Application to Proceed

10 In Forma Pauperis, and a blank First Amended Petition form along with a copy of this Order*.

11      **IT IS SO ORDERED.**

12
DATED: April ⸌, 2012

13                                                      HON. ROGER T. BENITEZ,
                                                       United States District Court Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28